# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | NO. 07-184 |
| DAN DAUGHERTY | SECTION "K" |

## ORDER AND OPINION

Defendant Dan Daugherty's *pro se* motion for post-conviction relief pursuant to 28 U.S.C. §2255 was considered on memoranda. Upon review of the entire record, it is clear that the movant is not entitled to relief and that an evidentiary hearing is not necessary. Accordingly, the motion is DENIED.

## BACKGROUND

On January 25, 2008, defendant pleaded guilty pursuant to a plea agreement to three counts of production of child pornography (18 U.S.C. §2251(a)) and one count of possession of child pornography (18 U.S.C. §2252(a)(4)(B)). The plea agreement preserved defendant's right to appeal the Court's denial of his motion to suppress. Additionally, the plea agreement provided, in pertinent part:

> Except as otherwise provided . . . defendant hereby expressly waives his right to appeal his sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and *the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255*. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum. (emphasis added).

The Court sentenced defendant to a total of 210 months of imprisonment and to a life term

of supervised release. The Fifth Circuit affirmed the district court's denial of defendant's motion to suppress. *United States v. Daugherty*, No. 08-30599 (5th Cir. March 36, 2009)(unpublished).

Defendant's §2255 motion challenges his convictions on the following grounds:

- St. Tammany Parish Sheriff's Office Detective Bobby Juge, gave perjured testimony during the hearing on defendant's motion to suppress;
- "Condition of computer, that it was on (screen). and I was sweating and wanted to turn my computer off[]"[1]; and
- the Government's failure to provide the defense with a transcript of an interview between defendant and the FBI liaison.

## LAW AND ANALYSIS

A waiver of post-conviction relief, including relief under 28 U.S.C. §2255 is valid and enforceable when the waiver of that right is informed and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). "'It is up to the district court to insure that defendant fully understands [his] right to appeal and the consequences of waiving that appeal.'" *Id.*, *quoting United States v. Raty*, 980 F.2d 977, 979 (5th Cir. 1992).

The record establishes that defendant's waiver of his right to post-conviction relief was knowing and voluntary. As noted previously, the plea agreement, which was signed by both defendant and his counsel, contained an express waiver of defendant's right to post-conviction relief, subject to limited exceptions which are not applicable herein. Additionally, during the rearraignment proceeding, the Court informed defendant of the offenses to which he was pleading

---

[1] Doc. 73, p. 5. Specifically defendant contends, contrary to the testimony of Detective Juge at the hearing on the motion to suppress, that his laptop "was 'on screen' in the active mode all day because a female officer sat there and went through it." Defendant also alleges, contrary to testimony at the suppression hearing that he was sweating during the search, that "[t]here was nothing found on either computer that could have been erased or changed and of no concern to me to be sweating." Doc. 73, p. 5.

2

guilty and advised defendant of the maximum penalties for each offense. Defendant acknowledged that he was pleading guilty because he did the acts charged in the indictment and that he understood the contents of the plea agreement. With respect to the waiver of the right to pursue post-conviction relief, the following colloquy occurred during the rearraignment proceeding:

> The Court: . . . do you understand that you've waived your right to appeal any sentence that I may impose, including your right to appeal under the statute which provides for review of a sentence and also you've waived your right to appeal under the statute which provides for post-conviction remedies, if there's a legal or constitutional basis for you to attack your sentence, except for an appeal reference the Court's ruling on the suppression of evidence, as outlined in your plea agreement. You have preserved the right to appeal that ruling.
>
> Defendant Daugherty: Yes, Your Honor.
>
> The Court: Because you've waived these rights, you may appeal your conviction and/or sentence only under the following exceptions:
>
> First, you may appeal if I impose a sentence in excess of the statutory maximum.
>
> You may appeal if I impose a sentence which constitutes an upward departure from the guidelines.
>
> Also, you may appeal your sentence if you can show that you were deprived of certain constitutional rights, including the effective assistance of counsel.
>
> And as provided in your agreement, you may appeal the suppression of physical evidence in this case, based on the Court's ruling.
>
> Defendant Daugherty: Yes, Your Honor.
>
> The Court: Do you understand that, sir?
>
> Defendant Daugherty: Yes, sir.

Doc. 65, p. 9-10. The Court also confirmed that defendant understood the charges against him, understood the consequences of pleading guilty, and was pleading guilty voluntarily and of his own

free will. Doc. 65, p. 28-29. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). During the rearraignment proceeding defendant gave no indication that he did not knowingly and voluntarily waive his rights. Having knowingly and voluntarily waived his right to seek post-conviction relief, the Court denies defendant's motion for post-conviction relief pursuant to 28 U.S.C. §2255 and dismisses his claim with prejudice.

New Orleans, Louisiana, this 3rd day of November, 2009.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE